# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50046
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRAULIO LUNA-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-500

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

Braulio Luna-Hernandez appeals the 41-month sentence imposed following his guilty plea conviction for illegal reentry following prior removal. He argues that his sentence, which is at the low end of the applicable guidelines range, is greater than necessary to meet the sentencing objectives of 18 U.S.C. § 3553(a). Luna-Hernandez contests the application of U.S.S.G. § 2L1.2, the illegal reentry guideline, on the basis that it is not empirically

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based, double counts prior convictions, and does not account for the nonviolent nature of his offense, which he asserts is an "international trespass." He also contends that the district court did not account for his personal circumstances, specifically that he reentered the United States to find work to support his family, that this was his first immigration offense, and that this was the first time he returned to the United States since his deportation in 2008.

Luna-Hernandez did not object to the reasonableness of his sentence and, thus, our review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Luna-Hernandez acknowledges that we apply plain error review when a defendant fails to object to the reasonableness of the sentence imposed in the district court; however, he seeks to preserve this issue for further review.

As Luna-Hernandez recognizes, his assertion that the presumption of reasonableness should not apply because § 2L1.2 lacks an empirical basis is foreclosed, and he raises it to preserve it for further review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). We likewise have rejected his contention that a within-guidelines sentence is unreasonable because § 2L1.2 effectively double counts prior convictions. *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). Also, we have not been persuaded by the claim that the Sentencing Guidelines do not take into account the nonviolent nature of an illegal reentry offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

With regard to Luna-Hernandez's claim that his sentence did not reflect his personal history and circumstances, the district court considered his arguments that a lesser sentence was warranted on those grounds and determined that a sentence within the guidelines range was proper. We will give "great deference" to a properly calculated within-guidelines sentence, *see*

No. 15-50046

*United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005), and Luna-Hernandez has not demonstrated that the district court's presumptively reasonable choice of sentence was erroneous. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). His assertions on appeal are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.